

1  HARTMANN & KANANEN
2  Ronald A. Hartmann, Esq., SBN 115683
   constructiondefects@sbcglobal.net
3  Kurt E. Kananen, Esq., SBN 156136
4  kurtkananen@sbcglobal.net
   Kenneth King, Esq., SBN 245961
5  kkinghk@sbcglobal.net
6  20750 Ventura Blvd., Ste. 101
7  Woodland Hills, CA  91364
   Tel. (818) 710-0151; Fax (818) 710-0191
8
9  Attorneys for Plaintiff Shaya Baird,
   individually and on behalf of a class of
10 similarly situated individuals

11

12                **UNITED STATES DISTRICT COURT**
                  **CENTRAL DISTRICT OF CALIFORNIA**
13

14  SHAYA BAIRD, on behalf of herself and   )  CASE NO.: **CV 13-999** SVW (JPRx)
    on behalf of all others similarly situated  )
15                                           )  [CLASS ACTION]
                                             )
16            Plaintiff,                     )  COMPLAINT FOR:
                                             )
17        v.                                 )
                                             )  (1)  VIOLATION OF THE
18                                           )  TELECOMMUNICATIONS
    SABRE, INC; SABRE HOLDINGS              )  PRIVACY ACT , 47 U.S.C. § 227;
19  CORP.; SABRE TRAVEL                     )
    INFORMATION NETWORK, INC.;             )  (2)  VIOLATION OF THE
20  SABRE VIRTUALLY THERE;                  )  UNFAIR COMPETITION LAW,
21  SABREMARK LIMITED PARTNERSHIP; )  BUS. & PROF. CODE §§ 17200,
    and DOES 1 through 200, inclusive        )  ET SEQ.; AND
22                                           )
23            Defendants.                    )  (3)  DAMAGES AND
                                             )  INJUNCTIVE RELIEF;
24                                           )
25                                           )  DEMAND FOR JURY TRIAL
                                             )
26  _____  )
27

28

                                    1
                                COMPLAINT

# CLASS ACTION COMPLAINT

Plaintiff Shaya Baird brings this class action complaint against defendants Sabre, Inc.; Sabre Holdings Corp.; Sabre Virtually There; and DOES 1 through 200, inclusive, (hereinafter "Defendants" or "VirtuallyThere"), to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by this conduct. This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d). Plaintiff, for her class action complaint, alleges as follows:

## NATURE OF THE CASE

1.     Wireless spam is a growing problem in the United States.

2.     In a recent effort to promote the services offered by Defendants, including services of Sabre VirtuallyThere and related products, Defendants, one of the nation's largest providers of travel related services, engaged in the transmission of unauthorized advertisements, in the form of "text message" calls to the cellular telephones of consumers.

3.     By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers often have to pay their cell phone service providers for the receipt of such wireless spam.

/ / /

4.      In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telecommunications Privacy Act, 47 U.S.C. § 227, et seq. ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

5.      In order to redress these injuries, Plaintiff, on behalf of herself and a California Sub-Class of similarly situated individuals, brings suit for Defendants and / or Defendants' agents' Violation of the California Unfair Competition Law, Bus.& Prof. Code §§ 17200, et seq. in pertinent part for Defendants' and Defendants' agents' violation of Telecommunications Privacy Act, 47 U.S.C. § 227, et seq. ("47 U.S.C. § 227") as set forth in this Complaint.

6.      On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities in violation of thee Telecommunications Privacy Act, 47 U.S.C. § 227, et seq. and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

7.      Plaintiff is a citizen of California.

8.      Defendant, Sabre, Inc. is a Delaware Corporation, who at all relevant times maintained its headquarters and principal place of business in Texas.  At all relevant times described herein, Sabre, Inc. conducted business in all jurisdictions of the United States including the jurisdiction in which Plaintiff and the class members reside.

9.     Defendant, Sabre Holdings Corp. is a Delaware Corporation, who at all relevant times maintained its headquarters and principal place of business in Texas.  At all relevant times described herein, Sabre Holdings Corp. conducted business in all jurisdictions of the United States including the jurisdiction in which Plaintiff and the class members reside.

10.     Defendant Sabre Travel Information Network, Inc.. is a Delaware Corporation, who at all relevant times maintained its headquarters and principal place of business in Texas.  At all relevant times described herein, Sabre Travel Information Network, Inc. conducted business in all jurisdictions of the United States including the jurisdiction in which Plaintiff and the class members reside.

11.     Defendant Sabre Virtually There, is an affiliate and agent of the parent company Sabre Holdings Corp.  Sabre Virtually There is a company of unknown status and structure, who at all relevant times described herein maintained its headquarters and principal place of business in Texas, but at all relevant times described herein, Sabre Virtually There conducted business in all jurisdictions of the United States including the jurisdiction in which Plaintiff and the class members reside.

12.     Defendant SabreMark Limited Partnership, is a Delaware limited partnership that at all relevant times maintained its headquarters and principal place of business in Texas.  SabreMark Limited Partnership is the Registrant, Domain

4

COMPLAINT

Administrator, Administrative Contact, and Technical Contact for the Domain Name associated with www.virtuallythere.com. At all relevant times described herein, SabreMark Limited Partnership conducted business in all jurisdictions of the United States including the jurisdiction in which Plaintiff and the class members reside.

13.    The use of the term "defendants" or "Defendants" in any of the allegations in this Complaint, unless specifically alleged otherwise, is intended to include and charge, both jointly and severally, not only the Defendants identified in this Complaint, but also all Defendants designated as DOES 1 through 200, inclusive, as though the term "defendants" was followed in each and every instance throughout this Complaint with the phrase "and each of them jointly and severally, including all named Defendants and Defendants included herein and sued under the fictitious names of DOES 1 through 200, inclusive."

14.    Plaintiff is informed and believes, and thereon alleges, that Defendants, at all times herein mentioned, were the partners, joint venturers, subsidiaries, successors in interest, managing agent, merged entities, agents, alter egos, part of a jointly owned, managed, and/or operated business enterprise, and/or employees of each other Defendant and in doing the acts, omissions, and things alleged herein were acting as such and within the scope of their authority as such agents and employees and with the permission and consent of all other Defendants. Plaintiff is informed and believes, and thereon alleges, that Defendants have, and at all times herein mentioned had, a joint economic

and business interest, goal and purpose in VirtuallyThere.com.  Defendants, including

DOES 1 through 200, inclusive, were involved in some manner in the alleged violation

of 47 U.S.C. § 227 et seq., including but not limited to creating, directing, distributing,

assembling the phone number list, getting the text messages to the Class, and/or sending

the subject text messages that violate 47 U.S.C. § 227, et seq.

## JURISDICTION & VENUE

15.    The Court has original jurisdiction over this action pursuant to 28 U.S.C. §

1332(d), because (a) at least one member of the putative class is a citizen of a state

different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive

of interest and costs, and (c) none of the exceptions under that subsection apply to this

action.

16.    This Court has personal jurisdiction over Defendants because Defendants

conduct operations and sales in California, and the acts alleged herein originated in this

District.

17.    Venue is proper in this District under 28 U.S.C. § 1391(a) because Plaintiff

resides in this District and because a substantial part of the events giving rise to the claim

occurred in this District, and Defendant and/or Defendant's agent that transmitted the

text messages at issue also resides in this District.

/ / /

/ / /

## COMMON ALLEGATIONS OF FACT

18.    In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to cheaply send bulk solicitations.

19.    One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

20.    A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When a SMS message call is successfully made, the recipient's cell phone alerts him or her that a message call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

21.    Unlike more conventional advertisements, SMS calls, and particularly wireless spam, can actually cost their recipients money, because cell phone users must often pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

///

22. Plaintiff is informed and believes and thereon alleges that over the course of an extended period of time, Defendants and/or Defendants' agents directed and/or sent the mass transmission of wireless spam SMS message calls to cell phones nationwide of what it hoped were potential customers of its travel products who did not authorize the receipt of such transmissions.

23. On or about January 14, 2013, Plaintiff's cell phone indicated that a text call was being received.

24. The "from" field of such transmission was identified cryptically as "72273", which is an abbreviated telephone number known as an SMS short code operated by Defendants or Defendants' agents. The body of this text message read:

**REPLY YES FOR FLIGHT NOTIFICATION SERVICES.**

**STANDARD RATES MAY APPLY**

**WWW.VIRTUALLYTHERE.COM.9MESSAGES/DAYMAX.STOPTOCANCEL**

25. The website contained in the above text message is owned and operated by Defendants and/or Defendants' agents and further promotes Defendants' products.

26. At no time did Plaintiff consent to the receipt of such text message calls from Defendant.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class (the "Class") defined as

follows: All persons in the United States and its Territories who received one or more

unauthorized text message advertisements sent by Defendants and/or Defendants' agents

and for the benefit of Defendants and/or Defendants' agents. Plaintiff brings this suit on

behalf of a proposed nation-wide class and a California Sub-Class (collectively "the

Classes") defined as follows:

**CLASS**

All persons residing in the United States and its Territories who received one or

more unauthorized text message advertisements sent by Defendants and/or

Defendants' agents and for the benefit of Defendants and/or Defendants' agents.

**CALIFORNIA SUB - CLASS:**

All persons residing in the state of California who received one or more

unauthorized text message advertisements sent by Defendants and/or Defendants'

agents and for the benefit of Defendants and/or Defendants' agents.

28.     The Class and the California Sub-Class shall be collectively referred to as

the "Class".

29.     Plaintiff is informed and believes and thereon alleges that the Class consists

of thousands of individuals and other entities, making joinder impractical.

30.     Plaintiff will fairly and adequately represent and protect the interests of the

other members of the Class. Plaintiff has retained counsel with substantial experience in

prosecuting complex litigation and class actions. Plaintiff and her counsel are committed

to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

31.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

32.    Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class.

33.    The factual and legal basis of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein.  Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct and transmission of the wireless spam.

34.    There are predominant questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

- Does the wireless spam Defendants distributed violate 47 U.S.C. § 227?

- Are the Class members entitled to statutory damages based on the Defendants' conduct?

- Are the Class members entitled to statutory treble damages based on the willfulness of Defendants' conduct?

- Does the wireless spam Defendants distributed violate California Bus. & Prof. Code § 17538.41?

- Does the wireless spam Defendants distributed violate California Bus. & Prof. Code §§ 17200 et seq.?

**FIRST CAUSE OF ACTION**

**(Violation of 47 U.S.C. § 227: On behalf of the Class)**

**(Against all Defendants and Does 1-200)**

35.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

36.    Defendants and/or Defendants' agents made unsolicited commercial text calls, including the message transcribed above, to the wireless telephone numbers of the Class. Plaintiff is informed and believes and thereon alleges that each such text message call was made using equipment that had the capacity to store or produce telephone

11

COMPLAINT

numbers using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants and/or Defendants' agents were able to effectively send text messages simultaneously to lists of thousands of wireless telephone numbers without human intervention.

37.     These text calls were made en masse through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class.

38.     Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii).  As a result of Defendants' illegal conduct, the members of the class suffered actual damages by, inter alia, having to pay their respective wireless carriers for the text messages where applicable and, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each violation of such act.

39.     Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

/ / /

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

**Violation of California Business & Professions Code §§17200, et seq.**

**(Asserted On Behalf of Plaintiff and the Classes)**

**(Against all Defendants and Does 1-200)**

40.    Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

41.    Plaintiff brings this cause of action on behalf of herself and on behalf the Classes.

42.    The Unfair Competition Law, Business & Professions Code § 17200, et seq. ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.

43.    Defendants' conduct as alleged in this Complaint constitutes unlawful, unfair and/or fraudulent business acts and practices.  By engaging in the acts and practices alleged in this Complaint, Defendants have committed one or more acts of unfair competition within the meaning of California Business & Professions Code §§ 17200, et seq.

44.    Plaintiff is a person within the meaning of Business & Professions Code § 17204 as defined by Business & Professions Code § 17201, and therefore, she has standing to sue for any violation of Business & Professions Code § 17200, et seq. on behalf of herself and on behalf of the general public pursuant to Business & Professions

Code § 17204.

45.    Plaintiff is informed and believes, and thereon alleges, that Defendants, as indicated by their conduct alleged in this Complaint, engage in unlawful, unfair, and fraudulent business practices by violating 47 U.S.C. § 227 and California Business & Professions Code § 17538.41. Defendants and/or Defendants' agents made unsolicited commercial text calls, including the message transcribed above, to the wireless telephone numbers of the Classes. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants and/or Defendants' agents were able to effectively send text messages simultaneously to lists of thousands of wireless telephone numbers without human intervention.

46.    In the course of conducting business, Defendants committed unlawful business practices by, inter alia, violating 47 U.S.C. § 227 and California Business & Professions Code § 17538.41 as alleged in this Complaint.

47.    Defendants' business practices, as alleged in this Complaint, are "unlawful" because they violate 47 U.S.C. § 227, California Business & Professions Code § 17538.41, and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers as alleged in this Complaint. Among other things, Defendants and/or Defendants' agents made unsolicited commercial text calls, including the message transcribed above, to the wireless telephone numbers of the Class. Each such text

message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers. Plaintiff is informed and believes and thereon alleges that by using such equipment, Defendants and/or Defendants' agents were able to effectively send text messages simultaneously to lists of thousands of wireless telephone numbers without human intervention. These text calls were made en masse through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class. Defendants' and/or Defendants' agents acts and omissions violate and offend California public policy against engaging in unlawful activities, especially when the activities are injurious to consumers. The injury to Plaintiff and members of the Classes and consumers greatly outweighs any alleged countervailing benefit to Plaintiff, members of the Classes, consumers or competition under all of the circumstances. As a result of Defendants' illegal conduct, the members of the class suffered actual damages by, inter alia, having to pay their respective wireless carriers for the text messages where applicable and, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each violation of such act.

/ / /

/ / /

/ / /

/ / /

48.    Defendants and/or Defendants' agents' behavior as alleged in this Complaint violates the following laws, among others:

    a.    47 U.S.C. § 227, et seq. (restrictions on the use of telephone equipment);

    b.    California Business & Professions Code § 17538.41;

    c.    Cal. Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).

49.    Plaintiff and the Classes reserve the right to allege other violations of law which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues.

50.    There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct alleged in this Complaint.

51.    Plaintiff and the Classes have in fact been injured as a result of Defendants' conduct as alleged in this Complaint.

52.    Unless restrained and enjoined, Defendants will continue to engage in the conduct alleged in this Complaint.  Accordingly, injunctive relief is appropriate.

53.    Plaintiff seeks an order requiring Defendants to cease the conduct alleged in this Complaint.

54.    Plaintiff also seeks attorney's fees and costs pursuant to, inter alia, Civil Code §1021.5.

**WHEREFORE**, Plaintiff Shaya Baird, on behalf of herself and the Class, prays for the following relief::

1. An order certifying the Class(es) as defined above;

2. An award of actual and/or statutory damages and treble damages pursuant to section 47 U.S.C. §§ 227(b)(3)(B) and (C);

3. An injunction requiring Defendant to cease all wireless spam activities in violation of the Telecommunications Privacy Act, 47 U.S.C. § 227 and California Business & Professions Code § 17538.41;

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief the Court deems reasonable and just.

Dated: February // , 2013          HARTMANN & KANANEN

Ronald A. Hartmann
Attorneys for Plaintiff Shaya Baird

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: February // , 2013          HARTMANN & KANANEN

Ronald A. Hartmann
Attorneys for Plaintiff Shaya Baird

17
COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

### CV13- 999 SVW (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516.

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Hartmann & Kananen
Ronald A. Hartmann (SBN 115683)
20750 Ventura Blvd., Suite 101
Woodland Hills, CA 91364

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Shaya Baird, on behalf of herself and on behalf of all others similarly situated; | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV 13-999 - SVW (JPRx)** |
| v. | |
| Sabre, Inc.; Sabre Holdings Corp.; Sabre Travel Information Network, Inc.; Sabre Virtually There; SabreMark Limited Partnership; Does 1 through 200; inclusive and DEFENDANT(S). | **SUMMONS** |

TO:      DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Ronald A. Hartmann_____, whose address is _20750 Ventura Blvd., Suite 101, Woodland Hills, CA 91364_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __2- 11- 13__

By: _____
CHRIS SAWYER
Deputy Clerk

(Seal of the Court)
1149

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
Hartmann & Kananen
Ronald A. Hartmann (SBN 115683)
20750 Ventura Blvd., Suite 101
Woodland Hills, CA 91364

COPY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Shaya Baird, on behalf of herself and on behalf of all others similarly situated; | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV13-999 SVW (JPRx)** |
| v. | |
| Sabre, Inc.; Sabre Holdings Corp.; Sabre Travel Information Network, Inc.; Sabre Virtually There; SabreMark Limited Partnership; Does 1 through 200, inclusive     and     DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Ronald A. Hartmann_____, whose address is _20750 Ventura Blvd., Suite 101, Woodland Hills, CA 91364_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated:  _2 - 11- 13_

Clerk, U.S. District Court

By: _____
      Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Shaya Baird, on behalf of herself and on behalf of all others similarly situated | Sabre, Inc.; Sabre Holdings Corp.; Sabre Travel Information Network, Inc.; Sabre Virtually There; SabreMark Limited Partnership; and Does 1 through 200, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Hartmann & Kananen<br>Kurt E. Kananen SBN 156136<br>20750 Ventura Blvd., Suite 101, Woodland Hills, CA 91364 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
1) Violation of the Telecommunications Privacy Act 47 U.S.C. § 227; 2) Violation of the Unfair Competition Law Bus & Prof Code §§ 17200, ET SEQ

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER)     _____     Date February 7, 2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |