

1  HARTMANN & KANANEN
2  Ronald A. Hartmann, Esq., SBN 115683
   constructiondefects@sbcglobal.net
3  Kurt E. Kananen, Esq., SBN 156136
4  kurtkananen@sbcglobal.net
   Kenneth King, Esq., SBN 245961
5  kkinghk@sbcglobal.net
6  20750 Ventura Blvd., Ste. 101
7  Woodland Hills, CA 91364
   Tel. (818) 710-0151; Fax (818) 710-0191
8
9  Attorneys for Plaintiff Shaya Baird,
   individually and on behalf of a class of
10 similarly situated individuals
11

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

12        UNITED STATES DISTRICT COURT
          CENTRAL DISTRICT OF CALIFORNIA
13

14  SHAYA BAIRD, on behalf of herself and    )   **CASE NO. CV13-999 SVW**
    on behalf of all others similarly situated )  **(JPRX)**
15                                            )
16               Plaintiff,                   )   [CLASS ACTION]
                                              )
17          v.                                )   FIRST AMENDED COMPLAINT
18                                            )   FOR:
    SABRE, INC; SABRE HOLDINGS              )
19  CORP.; SABRE TRAVEL                      )   (1)  VIOLATION OF THE
20  INFORMATION NETWORK, INC.;              )   TELECOMMUNICATIONS
    SABRE VIRTUALLY THERE;                  )   PRIVACY ACT , 47 U.S.C. § 227;
21  SABREMARK LIMITED PARTNERSHIP; )
22  and DOES 1 through 10, inclusive          )   (2)  VIOLATION OF THE
23               Defendants.                  )   UNFAIR COMPETITION LAW,
                                              )   BUS. & PROF. CODE §§ 17200,
24                                            )   ET SEQ.; AND
25                                            )
26                                            )   (3)  DAMAGES AND
                                              )   INJUNCTIVE RELIEF;
27                                            )
28  _____      )   DEMAND FOR JURY TRIAL
                                              )

## CLASS ACTION COMPLAINT

Plaintiff Shaya Baird brings this class action complaint against defendants Sabre, Inc.; Sabre Holdings Corp.; Sabre Virtually There; and DOES 1 through 10, inclusive, (hereinafter "Defendants" or "VirtuallyThere"), to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by this conduct.  This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d).  Plaintiff, for her class action complaint,  alleges as follows:

## NATURE OF THE CASE

1.      Wireless spam is a growing problem in the United States.

2.      In a recent effort to promote the services offered by Defendants, including services of Sabre VirtuallyThere and related products, Defendants, one of the nation's largest providers of travel related services, engaged in the transmission of unauthorized advertisements, in the form of "text message" calls to the cellular telephones of consumers.

3.      By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers, often have to pay their cell phone service providers for the receipt of such wireless spam.

/ / /

4.     In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telecommunications Privacy Act, 47 U.S.C. § 227, et seq. ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

5.     In order to redress these injuries, Plaintiff, on behalf of herself and a California Sub-Class of similarly situated individuals, brings suit for Defendants and / or Defendants' agents' Violation of the California Unfair Competition Law, Bus.& Prof. Code §§ 17200, et seq. in pertinent part for Defendants' and Defendants' agents' violation of  Telecommunications Privacy Act, 47 U.S.C. § 227, et seq. ("47 U.S.C. § 227") as set forth in this Complaint.

6.     On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities in violation of thee Telecommunications Privacy Act, 47 U.S.C. § 227, et seq. and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

7.     Plaintiff is a citizen of California.

8.     Defendant, Sabre, Inc. is a Delaware Corporation, who at all relevant times maintained its headquarters and principal place of business in Texas.  At all relevant times described herein, Sabre, Inc. conducted business in all jurisdictions of the United States including the jurisdiction in which Plaintiff and the class members reside.

FIRST AMENDED COMPLAINT

9.      Defendant, Sabre Holdings Corp. is a Delaware Corporation, who at all relevant times

maintained its headquarters and principal place of business in Texas.  At all relevant times described herein, Sabre Holdings Corp. conducted business in all jurisdictions of the United States including the jurisdiction in which Plaintiff and the class members reside.

10.      Defendant Sabre Travel Information Network, Inc.. is a Delaware Corporation, who at all relevant times maintained its headquarters and principal place of business in Texas.  At all relevant times described herein, Sabre Travel Information Network, Inc. conducted business in all jurisdictions of the United States including the jurisdiction in which Plaintiff and the class members reside.

11.      Defendant Sabre Virtually There, is an affiliate and agent of the parent company Sabre Holdings Corp.  Sabre Virtually There is a company of unknown status and structure, who at all relevant times described herein maintained its headquarters and principal place of business in Texas, but at all relevant times described herein, Sabre Virtually There conducted business in all jurisdictions of the United States including the jurisdiction in which Plaintiff and the class members reside.

12.      Defendant SabreMark Limited Partnership, is a Delaware limited partnership that at all relevant times maintained its headquarters and principal place of business in Texas.  SabreMark Limited Partnership is the Registrant, Domain

FIRST AMENDED COMPLAINT

Administrator, Administrative Contact, and Technical Contact for the Domain Name associated with www.virtuallythere.com. At all relevant times described herein, SabreMark Limited Partnership conducted business in all jurisdictions of the United States including the jurisdiction in which Plaintiff and the class members reside.

13.     The use of the term "defendants" or "Defendants" in any of the allegations in this Complaint, unless specifically alleged otherwise, is intended to include and charge, both jointly and severally, not only the Defendants identified in this Complaint, but also all Defendants designated as DOES 1 through 10, inclusive, as though the term "defendants" was followed in each and every instance throughout this Complaint with the phrase "and each of them jointly and severally, including all named Defendants and Defendants included herein and sued under the fictitious names of DOES 1 through 10, inclusive."

14.     Plaintiff is informed and believes, and thereon alleges, that Defendants, at all times herein mentioned, were the partners, joint venturers, subsidiaries, successors in interest, managing agent, merged entities, agents, alter egos, part of a jointly owned, managed, and/or operated business enterprise, and/or employees of each other Defendant and in doing the acts, omissions, and things alleged herein were acting as such and within the scope of their authority as such agents and employees and with the permission and consent of all other Defendants.  Plaintiff is informed and believes, and thereon alleges, that Defendants have, and at all times herein mentioned had, a joint economic

and business interest, goal and purpose in VirtuallyThere.com.  Defendants, including DOES 1 through 10, inclusive, were involved in some manner in the alleged violation of 47 U.S.C. § 227 et seq., including but not limited to creating, directing, distributing, assembling the phone number list, getting the text messages to the Class, and/or sending the subject text messages that violate 47 U.S.C. § 227, et seq.

## JURISDICTION & VENUE

15.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

16.     This Court has personal jurisdiction over Defendants because Defendants conduct operations and sales in California, and the acts alleged herein originated in this District.

17.     Venue is proper in this District under 28 U.S.C. § 1391(a) because Plaintiff resides in this District and because a substantial part of the events giving rise to the claim occurred in this District, and Defendant and/or Defendant's agent that transmitted the text messages at issue also resides in this District.

/ / /

/ / /

FIRST AMENDED COMPLAINT

## COMMON ALLEGATIONS OF FACT

18.     In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to cheaply send bulk solicitations.

19.     One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

20.     A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When a SMS message call is successfully made, the recipient's cell phone alerts him or her that a message call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

21.     Unlike more conventional advertisements, SMS calls, and particularly wireless spam, cost their recipients money because cell phone  users, including Plaintiff, pay their respective wireless service providers for text messages or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

/ / /

FIRST AMENDED COMPLAINT

22.     Plaintiff is informed and believes and thereon alleges that over the course of an extended period of time, Defendants and/or Defendants' agents directed and/or sent the mass transmission of wireless spam SMS message calls to cell phones nationwide of what it hoped were potential customers of its travel products who did not authorize the receipt of such transmissions.

23.     On or about January 14, 2013, Plaintiff's cell phone indicated that a text call was being received.

24.     The "from" field of such transmission was identified cryptically as "72273", which is an abbreviated telephone number known as an SMS short code operated by Defendants or  Defendants' agents. The body of this text message read:

**REPLY YES FOR FLIGHT NOTIFICATION SERVICES.**

**STANDARD RATES MAY APPLY**

**WWW.VIRTUALLYTHERE.COM.9MESSAGES/DAYMAX.STOPTOCANCEL**

25.     The website contained in the above text message is owned and operated by Defendants and/or Defendants' agents and further promotes Defendants' products.

26.     At no time did Plaintiff consent to the receipt of such text message calls from Defendant.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class (the "Class") defined as

FIRST AMENDED COMPLAINT

follows: All persons in the United States and its Territories who received one or more unauthorized text message advertisements sent by Defendants and/or Defendants' agents and for the benefit of Defendants and/or Defendants' agents.  Plaintiff brings this suit on behalf of a proposed nation-wide class and a California Sub-Class (collectively "the Classes") defined as follows:

**CLASS**

All persons residing in the United States and its Territories who received one or more unauthorized text message advertisements sent by Defendants and/or Defendants' agents and for the benefit of Defendants and/or Defendants' agents.

**CALIFORNIA SUB - CLASS:**

All persons residing in the state of California who received one or more unauthorized text message advertisements sent by Defendants and/or Defendants' agents and for the benefit of Defendants and/or Defendants' agents.

28.     The Class and the California Sub-Class shall be collectively referred to as the "Class".

29.     Plaintiff is informed and believes and thereon alleges that the Class consists of thousands of individuals and other entities, making joinder impractical.

30.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed

to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

31.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

32.    Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class.

33.    The factual and legal basis of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein.  Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct and transmission of the wireless spam.

34.    There are predominant questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the

Class include but are not limited to the following:

● Does the wireless spam Defendants distributed violate 47 U.S.C. § 227?

● Are the Class members entitled to statutory damages based on the Defendants'

conduct?

● Are the Class members entitled to statutory treble damages based on the

willfulness of Defendants' conduct?

● Does the wireless spam Defendants distributed violate California Bus. & Prof.

Code § 17538.41?

● Does the wireless spam Defendants distributed violate California Bus. & Prof.

Code §§ 17200 et seq.?

## FIRST CAUSE OF ACTION

### (Violation of 47 U.S.C. § 227: On behalf of the Class)

### (Against all Defendants and Does 1-10)

35.     Plaintiff incorporates by reference the foregoing allegations as if fully set

forth herein.

36.     Defendants and/or Defendants' agents made unsolicited commercial text

calls, including the message transcribed above, to the wireless telephone numbers of the

Class.  Plaintiff is informed and believes and thereon alleges that each such text message

call was made using equipment that had the capacity to store or produce telephone

numbers using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendants and/or Defendants' agents were able to effectively send text messages simultaneously to lists of thousands of wireless telephone numbers without human intervention.

37.     These text calls were made en masse through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class.

38.     Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii).  As a result of Defendants' illegal conduct, the members of the class suffered actual damages by, inter alia, having to pay their respective wireless carriers for the text messages, where applicable under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each violation of such act.

39.     Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

/ / /

/ / /

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT

## **SECOND CAUSE OF ACTION**

**Violation of California Business & Professions Code §§17200, et seq.**

**(Asserted On Behalf of Plaintiff and the Classes)**

**(Against all Defendants and Does 1-10)**

40.     Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

41.     Plaintiff brings this cause of action on behalf of herself and on behalf the Classes.

42.     The Unfair Competition Law, Business & Professions Code § 17200, et seq. ("UCL"), prohibits any "unlawful," business act or practice.

43.      Defendants' conduct as alleged in this Complaint constitutes unlawful, unfair and/or fraudulent business acts and practices.  By engaging in the acts and practices alleged in this Complaint, Defendants have committed one or more acts of unfair competition within the meaning of California Business & Professions Code §§ 17200, et seq.

44.     Plaintiff is a person within the meaning of Business & Professions Code § 17204 as defined by Business & Professions Code § 17201, and therefore, she has standing to sue for any violation of Business & Professions Code § 17200, et seq. on behalf of herself and on behalf of the general public pursuant to Business & Professions Code § 17204. On or about January 14, 2013, Plaintiff was paying for a bundled wireless

plan with her cellular service provider that provided for cellular telephone minutes, expanded international roaming, text messaging and use data.

45.    Plaintiff is informed and believes, and thereon alleges, that Defendants, as indicated by their conduct alleged in this Complaint, engage in unlawful, unfair, and fraudulent business practices by violating 47 U.S.C. § 227 and California Business & Professions Code § 17538.41.  Defendants and/or Defendants' agents made unsolicited commercial text calls, including the message transcribed above, to the wireless telephone numbers of the Classes. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendants and/or Defendants' agents were able to effectively send text messages simultaneously to lists of thousands of wireless telephone numbers without human intervention.

46.    In the course of conducting business, Defendants committed unlawful business practices by, inter alia, violating 47 U.S.C. § 227 and California Business & Professions Code § 17538.41 as alleged in this Complaint.

47.    Defendants' business practices, as alleged in this Complaint, are "unlawful" because they violate 47 U.S.C. § 227, California Business & Professions Code § 17538.41, and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers as alleged in this Complaint.  Among other things, Defendants and/or Defendants' agents made unsolicited commercial text calls, including the message

transcribed above, to the wireless telephone numbers of the Class.  Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers.  Plaintiff is informed and believes and thereon alleges that by using such equipment, Defendants and/or Defendants' agents were able to effectively send text messages simultaneously to lists of thousands of wireless telephone numbers without human intervention. These text calls were made en masse through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class. Defendants' and/or Defendants' agents acts and omissions violate and offend California public policy against engaging in unlawful activities, especially when the activities are injurious to consumers.  The injury to Plaintiff and members of the Classes and consumers greatly outweighs any alleged countervailing benefit to Plaintiff, members of the Classes, consumers or competition under all of the circumstances.  As a result of Defendants' illegal conduct, Plaintiff and members of the class suffered actual economic injury, inter alia, in that they were charged for messages, charged for pay per use data, incurred a usage allocation deduction to their text plan, and / or paid the cost of text message services as built into their cellular service plan.  Plaintiff was and is charged for text messages because the cost of text messages is built into her cellular service plan.

48.    Defendants and/or Defendants' agents' behavior as alleged in this Complaint violates the following laws, among others:

a.     47 U.S.C. § 227, et seq. (restrictions on the use of telephone equipment);

b.     California Business & Professions Code § 17538.41;

c.     Cal. Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).

49.     Plaintiff and the Classes reserve the right to allege other violations of law which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues.

50.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct alleged in this Complaint.

51.     Plaintiff and the Classes have in fact been injured as a result of Defendants' conduct as alleged in this Complaint.

52.     Unless restrained and enjoined, Defendants will continue to engage in the conduct alleged in this Complaint.  Accordingly, injunctive relief is appropriate.

53.     Plaintiff seeks an order requiring Defendants to cease the conduct alleged in this Complaint.

54.     Plaintiff also seeks attorney's fees and costs pursuant to, inter alia, Civil Code §1021.5.

/ / /

/ / /

/ / /

**WHEREFORE**, Plaintiff Shaya Baird, on behalf of herself and the Class, prays for the following relief::

1.     An order certifying the Class(es) as defined above;

2.     An award of actual and/or statutory damages and treble damages pursuant to section 47 U.S.C. §§ 227(b)(3)(B) and (C);

3.     An injunction requiring Defendant to cease all wireless spam activities in violation of the Telecommunications Privacy Act, 47 U.S.C. § 227 and California Business & Professions Code § 17538.41;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such further and other relief the Court deems reasonable and just.

Dated: May 23, 2013          HARTMANN & KANANEN

                                               /s/ Kurt E. Kananen
                                    _____
                                               Kurt E. Kananen
                                               Attorneys for Plaintiff Shaya Baird

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: May 23, 2013          HARTMANN & KANANEN

                                               /s/ Kurt E. Kananen
                                    _____
                                               Kurt E. Kananen
                                               Attorneys for Plaintiff Shaya Baird

FIRST AMENDED COMPLAINT

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20750 Ventura Blvd., Suite 101, Woodland Hills, California 91364.

     On May 24, 2013, I served the foregoing document described as **FIRST AMENDED COMPLAINT FOR DAMAGES** on all interested parties in said action:

[X]    (VIA US MAIL) I caused such envelope(s) to be deposited in the mail at Woodland Hills, California with postage thereon fully prepaid.

       I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (VIA FEDERAL EXPRESS) I caused to have served such document(s) by depositing them in the drop box at Woodland Hills, California, for priority overnight next day delivery.

[ ]    (VIA FACSIMILE) I caused such document to be faxed to the persons identified with fax numbers on the attached Mailing List.

[ ]    (VIA PERSONAL SERVICE) I delivered such envelope(s) by hand to the offices of the addressee.

[ ]    (VIA E-MAIL) I caused to have such documents sent by electronic service [Fed. Rule Civ. Proc. Rule 5(b)(2)(a)] by electronically mailing a true and correct copy through Hartmann & Kananen's electronic mail system to the e-mail address(s) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

[ ]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on May 24, 2013, at Woodland Hills, California.

_____
Kenneth King

1
FIRST AMENDED COMPLAINT

**Steven Viggiano, et al. v. Hansen Natural Corporation, et al.**
**CASE NO. CV12-10747-MMM (JCGx)**

Service List

| | |
|---|---|
| Perrie M. Weiner, Esq.<br>Joshua Briones, Esq.<br>Esteban Morales, Esq.<br>**DLA PIPER LLP (US)**<br>2000 Avenue of the Stars<br>Suite 400 North Tower<br>Los Angeles, CA   90067-4704<br>Telephone:   (310) 595-3000<br>Facsimile:    (310) 595-3300<br>perrie.weiner@dlapiper.com<br>joshua.briones@dlapiper.com<br>esteban.morales@dlapiper.com | Attorneys for Defendants SABRE, INC.;<br>SABRE HOLDINGS CORP.; SABRE<br>TRAVEL INFORMATION NETWORK,<br>INC.; SABRE VIRTUALLY THERE;<br>AND SABREMARK LIMITED<br>PARTNERSHIP |

2

FIRST AMENDED COMPLAINT