**NOT FOR PUBLICATION**

FILED

FEB 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAYA BAIRD, on behalf of herself and on behalf of all others similarly situated,

Plaintiff - Appellant,

v.

SABRE, INC.; et al.,

Defendants - Appellees.

No. 14-55293

D.C. No. 2:13-cv-00999-SVW-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 1, 2016[**]
Pasadena, California

Before: D.W. NELSON, CALLAHAN, and N.R. SMITH, Circuit Judges.

Shaya Baird appeals the district court's grant of summary judgment in favor of Sabre, Inc. ("Sabre") regarding her claim under the Telephone Consumer

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Protection Act ("TCPA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The TCPA restricts certain calls[1] using an automatic dialing system[2] or an artificial or prerecorded voice absent "prior express consent." 47 U.S.C. § 227(b)(1)(A). The Federal Communications Commission ("FCC"), having authority to prescribe regulations to implement the TCPA, *see* 47 U.S.C. § 227(b)(2), determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, Report and Order*, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992) ("1992 Order").

1. The FCC's interpretation of "prior express consent" may not be challenged in the context of this appeal. The Hobbs Act provides the court of appeals with "exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders of the Federal Communications

---

[1]The TCPA's prohibition "applies to text messages . . . as well as voice calls." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 19 FCC Rcd. 15927, 15934 (Aug. 12, 2004).

[2]Sabre argues that the messaging system used to send Baird the text message is not an automatic dialing system. We decline to reach this issue, because we affirm the district court on the grounds that Baird consented to the text message.

Commission." 28 U.S.C. § 2342. A party may invoke this jurisdiction "only by filing a petition for review of the FCC's final order in a court of appeals naming the United States as a party." *US W. Commc'ns v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1120 (9th Cir. 1999). This suit was not brought pursuant to the Hobbs Act. As a result, the validity of the FCC's interpretation of "prior express consent" must be presumed valid. *See US W. Commc'ns, Inc. v. Jennings*, 304 F.3d 950, 958 n.2 (9th Cir. 2002) ("Properly promulgated FCC regulations currently in effect must be presumed valid for the purposes of this appeal."). Accordingly, Baird's argument that providing her phone number did not constitute prior express consent is foreclosed in light of the 1992 Order.

2. Baird expressly consented to the text message in question when she provided Hawaiian Airlines with her cellphone number. Baird knowingly released her phone number to Hawaiian Airlines while making a flight reservation. She did not provide any "instructions to the contrary" indicating that she did not "wish[] to be reached" at that number. *See* 1992 Order, 7 FCC Rcd. at 8769. Therefore,

according to the 1992 Order, Baird provided "prior express consent" to receive the text message in question.[3]

**AFFIRMED.**

---

[3] In *Satterfield v. Simon & Schuster, Inc.*, we concluded that a person's consent to receive calls from one business does not constitute consent to receive calls from a different business. 569 F.3d 946, 955 (9th Cir. 2009). A similar situation exists here—Baird provided her phone number to Hawaiian Airlines, but was contacted by Sabre. However, unlike in *Satterfield*, Sabre is a vendor for Hawaiian Airlines and contacted Baird regarding her reservation. *Cf. id.* ("[T]he record shows no direct contractual relationship between Nextones and Simon & Schuster."). The district court made no distinction between Sabre and Hawaiian Airlines because of the relationship between the companies, and Baird does not make any argument based on this distinction.